IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY SAVALA BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:23-CV-1719-D |
| § | |
| NORDSTROM, INC., and § | |
| NORTHPARK LAND PARTNERS, LP, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action, defendants Nordstrom, Inc. ("Nordstrom") and NorthPark Land Partners, LP move for summary judgment, and plaintiff Mary Savala Brown ("Brown") requests, *inter alia*, leave to supplement her summary judgment response with additional evidence under Fed. R. Civ. P. 56(e). For the reasons that follow, the court grants Brown's request and defers a ruling on defendants' motion for summary judgment.

I

Brown, age 83, alleges that she was walking through the shoe section of the Nordstrom store at NorthPark Center in Dallas when she tripped on a shoe box that had been left unattended on the floor, injuring her right ankle, foot, and leg. According to Brown, a Nordstrom cashier saw her fall, helped her sit down, and got her an ice pack for her foot and ankle. Nordstrom employee Jose Hernandez ("Hernandez") allegedly assessed the incident and accompanied Brown when NorthPark security escorted her to her car in a wheelchair. According to Brown, after she drove herself home, her ankle "start[ed] hurting bad" and "she

was crying and everything," so she went to the hospital, complaining of pain and swelling. P. App. (ECF No. 36) at 15-16. The hospital provided an ice pack and pain medication. Brown was thereafter treated by a chiropractor and her primary care physician for pain and swelling, and she continues to self-treat for pain and swelling.

Defendants move for summary judgment, contending that there was no condition on the premises that posed an unreasonable risk of harm, there was no duty to warn because the condition was objectively open and obvious, and/or there is no proximate cause. Brown opposes defendants' motion. She requests leave to supplement her response with additional summary judgment evidence on the ground that defendants' motion is premature and not ripe. Defendants oppose Brown's request and assert that their motion for summary judgment is ripe for consideration.

II

Because Brown contends that she could not obtain the necessary discovery before filing her summary judgment response, the court first addresses her motion under Rule 56(d).

A

"Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire & Cas. Co. v. Whirlpool Corp.*, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)). The Rule states:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Rule 56(d).

To obtain relief under Rule 56(d), the summary judgment nonmovant must present by affidavit or declaration "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Kean v. Jack Henry & Assocs., Inc.*, 577 Fed. Appx. 342, 348 (5th Cir. 2014) (per curiam) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). Although the court may grant or deny a Rule 56(d) motion within its "sound . . . discretion," *Winfrey v. San Jacinto County*, 481 Fed. Appx. 969, 983 (5th Cir. 2012), such requests are nevertheless "broadly favored and should be liberally granted." *Kean*, 577 Fed. Appx. at 348. This is especially so where the summary judgment nonmovant "(i) request[s] extended discovery prior to the court's ruling on summary judgment; (ii) place[s] the district court on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrate[s] to the district court with reasonable specificity how the requested discovery pertain[s] to the pending motion." *Winfrey*, 481 Fed. Appx. at 982-83 (quoting *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994)).

But when a summary judgment nonmovant fails to present her request with an affidavit or fails to demonstrate that she "has . . . diligently pursued discovery, . . . she is not

- 3 -

entitled to relief[.]" *Kean*, 577 Fed. Appx. at 348 (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)); *see also Leza v. City of Laredo*, 496 Fed. Appx. 375, 377-78 (5th Cir. 2012) (per curiam) (holding that a Rule 56(d) motion unsupported by affidavit or declaration is "procedurally defective" because an "affidavit . . . is what Rule 56 requires."). Moreover, "[a] nonmovant is not entitled to a continuance," or leave to supplement, if she "fail[s] to explain what discovery [she] did have, why it was inadequate, and what [she] expected to learn from further discovery'" and instead gives only "vague assertions of the need for additional discovery." *State Farm Fire & Cas. Co.*, 2011 WL 3567466, at *2 (quoting *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999)).

B

Brown asserts that she should be allowed to supplement her summary judgment response because (1) the parties are still attempting to schedule Hernandez's deposition, and (2) defendant Nordstrom has not yet produced surveillance video footage of the incident that it represented it would produce. Defendants have not responded directly to these assertions; rather, they maintain that Brown "has the burden [of proof on her claims] and was deposed" and "was unable to establish the essential elements required to prove her claims," meaning that defendants' motion for summary judgment is ripe and that Brown should not be given the opportunity to supplement her response.

Brown has provided reasons for her delay: the discovery deadline has not yet passed; counsel are still corresponding regarding scheduling Hernandez's deposition; and Nordstrom has not yet produced the promised video footage. But she has not supported the motion with

an affidavit or declaration, and she has provided no explanation of what she expects to learn from Hernandez's deposition and Nordstrom's video footage. Accordingly, Brown has failed to establish that she is entitled to relief under Rule 56(d).

III

The court next considers Brown's motion under Rule 56(e). *See, e.g.*, *Hatcher v. Bement*, 2015 WL 8609701, at *2 (N.D. Tex. Dec. 14, 2015) (Horan, J.) (granting plaintiffs leave to file a supplemental response under Rule 56(e) when their Rule 56(d) request was procedurally defective).

A

Rule 56(e)(1) provides that, "[i]f a party fails to properly support an assertion of fact . . . , the court may . . . give an opportunity to properly support or address the fact[.]" *Id.* (internal quotation marks omitted) (quoting Rule 56(e)(1)). "[S]ubdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact," and "[i]n many circumstances this opportunity will be the court's preferred first step." Rule 56 advisory committee's note to 2010 amendment. This court has previously granted leave to supplement summary judgment evidence when plaintiffs "filed their motion relatively shortly after their summary judgment response, and their request to supplement [did] not interfere[] with the court's decisional process regarding defendants' motion for summary judgment." *Wilson v. Deutsche Bank Tr. Co. Ams.*, 2020 WL 4559822, at *3 (Apr. 28, 2020) (Fitzwater, J.). It has also granted leave to supplement when the plaintiff was not at fault for her lack of access to the relevant evidence by her response deadline. *See Rodrigues v. U.S. Bank*

*Nat'l Ass'n*, 2021 WL 2717538, at *2 (N.D. Tex. July 1, 2021) (Fitzwater, J.) (granting leave when plaintiff's "new counsel had not been given access by her previous counsel to all of the relevant documents").

B

Brown filed her request contemporaneously with her response to defendants' summary judgment motion, and she requests leave to supplement by July 10, 2024—the summary judgment deadline. Brown maintains that Nordstrom has not yet provided all promised discovery materials but that, in light of the June 10, 2024 discovery deadline, it still has the opportunity to do so. Because allowing Brown to supplement her evidence by July 10 with Hernandez's deposition testimony and the promised video footage will not interfere with the court's decisional process regarding defendants' motion or with any deadlines in this case, and may in fact lead to a more reliable and just summary judgment decision, the court grants Brown's request under Rule 56(e).

\* \* \*

For the reasons explained, the court defers its decision on defendants' motion for summary judgment and grants Brown leave to file supplemental summary judgment proof. Brown must file her proof, and a supplemental response brief, on or before July 10, 2024. Defendants may file a supplemental reply brief (but not an additional evidence appendix[*])

---

[*]*See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (holding that a party may not file a summary judgment reply appendix without first obtaining leave of court).

- 6 -

within 14 days of the date Brown's supplemental response is filed.

**SO ORDERED**.

May 28, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE