IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY SAVALA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1719-D |
| | § | |
| NORDSTROM, INC., and | § | |
| NORTHPARK LAND PARTNERS, LP, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action brought by plaintiff Mary Savala Brown ("Brown"),[1] defendants Nordstrom, Inc. ("Nordstrom") and NorthPark Land Partners, LP ("NorthPark") move for summary judgment. For the reasons that follow, the court denies the motion.

I

The relevant background facts of this case are largely set out in a prior memorandum

---

[1] Under Texas law, a person injured on the property of another has either a negligent activity claim or a premises liability claim. When the injury is a result of the property's condition rather than the result of a contemporaneous negligent activity on the premises, premises liability principles apply. *See Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch v. Kroger Co.*, 845 SW.2d 262, 264 (Tex. 1992); *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992)). Although in her state-court original petition Brown styles her claim generally as a "negligence" claim, the allegations of her petition, as well as the arguments she makes in response to defendants' summary judgment motion, support the conclusion that she intends to assert a premises liability claim, and the court therefore treats it as such. To the extent Brown alleges other, separate negligence-based claims, the court dismisses them with prejudice because Brown does not designate specific facts showing that there is a genuine issue for trial as to these claims.

opinion and order and need not be repeated at length for purposes of deciding this motion. *See Brown v. Nordstrom, Inc.*, 2024 WL 2736170, at *1 (N.D. Tex. May 28, 2024) (Fitzwater, J.).

In Brown's response to defendants' motion, she requested leave to supplement her response with additional summary judgment evidence, contending that she had been unable to obtain the necessary discovery before filing her response. The court granted her request under Fed. R. Civ. P. 56(e) and deferred its decision on defendants' summary judgment motion. Brown later submitted a supplemental response brief and supplemental summary judgment evidence, and defendants filed a supplemental reply. The motion is now ripe for decision. The court is deciding the motion on the briefs, without oral argument.

II

Defendants are moving for summary judgment on a claim on which Brown will bear the burden of proof at trial.

When parties move for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving parties can meet their summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving parties do so, the nonmovant must go beyond her pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

### III

In Texas, an invitee can recover under a theory of premises liability by establishing that

> (1) the defendant had actual or constructive knowledge of a condition on its premises, (2) the condition posed an unreasonable risk of harm, (3) the defendant did not exercise reasonable care to reduce or eliminate the risk, and (4) the defendant's failure to use such care proximately caused her injuries.

*Rivers v. Kroger Tex. L.P.*, 2009 WL 2596601, at *2 (N.D. Tex. Aug. 21, 2009) (Fitzwater, C.J.) (citing *Harvey v. Racetrac Petroleum, Inc.*, 2009 WL 577605, at *1 (N.D. Tex. Mar. 6, 2009) (Fitzwater, C.J.)). Defendants contend that Brown cannot establish the first two elements of her premises liability claim.[2]

### IV

The court first considers whether Brown has designated specific facts showing that there is a genuine issue for trial as to the knowledge element of her claim.

---

[2]In her briefs, Brown also discusses the latter two elements of the claim. Because defendants do not meaningfully dispute these elements in their motion, the court will not address them.

A

A plaintiff can satisfy the first element of a premises liability claim "in one of three ways: by establishing that (1) the defendant had actual knowledge of the condition; (2) the defendant created the condition; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Harvey*, 2009 WL 577605, at *1 (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002)).

As to the third possible method of proving the defendant's knowledge: "[w]hat constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented," but "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Reece*, 81 S.W.3d at 816. Texas courts have held that evidence of employees' proximity to the condition alone is insufficient to establish constructive notice, absent some indication that the hazard existed long enough to give the premises owner a reasonable opportunity to discover it. *See, e.g.*, *Wal-Mart Stores, Inc. v. Rosa*, 52 S.W.3d 842, 844 (Tex. App. 2001, pet. denied); *Furr's, Inc. v. Sigala*, 608 S.W.2d 789, 790 (Tex. App. 1980, no writ); *H.E.B. Foods, Inc. v. Moore*, 599 S.W.2d 126, 129 (Tex. Civ. App. 1980, no writ).

B

Defendants have satisfied their summary judgment burden as to this element by pointing the court to the absence of evidence that they had actual notice of the improperly

placed box, that they created the condition, or that the condition existed long enough to give them a reasonable opportunity to discover it.

The burden therefore shifts to Brown to present evidence that is sufficient to enable a reasonable jury to find in her favor on this element. As supporting evidence, Brown points first to her own deposition testimony, in which she testifies that a Nordstrom cashier "saw it" happen. ECF No. 43, at 18. She also points to the deposition testimony of Nordstrom employee Jose Hernandez ("Hernandez"), who testified that shoes and shoe boxes are not stocked on the floor for customers to handle, but are instead brought to the floor by an employee only upon customer request. According to Brown, this testimony means "that for [her] to trip on a shoe box, . . . that shoe box had to have been brought out by an employee . . . and subsequently left unattended by that employee," which indicates that defendants had actual knowledge of the condition. P. Br. (ECF No. 43) at 6. Brown also points to Hernandez's testimony that there were 156 surveillance cameras throughout the Nordstrom store, 18 of which were "able to move around" to focus on specific areas. ECF No. 43, at 27. She maintains that "[w]ith all those cameras, a reasonable fact finder could easily find that an employee witnessed the condition, prior to the incident, via surveillance footage." P. Br. (ECF No. 43) at 7.

Viewing this evidence in the light most favorable to Brown and drawing all reasonable inferences in her favor, the court concludes that a reasonable jury could find that Nordstrom had either actual or constructive notice of the existence and location of the unattended shoe box. Although Brown's evidence does not compel the finding that a Nordstrom employee,

as opposed to a third party, brought the shoe box to its location on the sales floor and left it unattended, or whether the cashier had a direct view of the shoe box when Brown fell, a reasonable jury could draw the inference that one or both of those things was true. It is certainly logical to think that a Nordstrom employee placed the shoe box in its initial location on the floor, even if someone else, say, a customer, moved it.

 Accordingly, the court concludes that Brown has designated specific facts that would enable a reasonable jury to find in her favor as to this element of her premises liability claim.

## V

 The court next considers whether Brown has met her burden as to the "unreasonable risk of harm" element.

### A

 "A condition poses an unreasonable risk of harm when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Dietz v. Hill Country Rests., Inc.*, 398 S.W.3d 761, 767 (Tex. App. 2011, no pet.) (citations omitted); *see also Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970) (citation omitted) ("[A]n owner or occupier of land can be charged with knowledge and appreciation of a dangerous condition on his premises only if from a reasonable inspection a reasonably prudent person should have foreseen a probability that the condition would result in injury to another."). "Although there is no definitive, objective test for determining if a condition presents an unreasonable risk of harm, evidence of other falls attributable to the same condition, or evidence of the defectiveness of the

-6-

condition causing the fall[,] is probative but not conclusive on this element." *Id.* (citation omitted).

B

Defendants have met their summary judgment burden as to this element by pointing the court to the absence of evidence that the shoe box on the floor posed an unreasonable risk of harm.

The burden has therefore shifted to Brown to produce evidence that raises a genuine issue of material fact. As evidence in support of this element, Brown points to Hernandez's deposition testimony indicating that weekends, like the day of the incident in question, are "usually a busy time" at the Nordstrom store because "[a] lot of people come out [and] try on shoes," and that "there's definitely some shoeboxes scattered around" on such days. ECF No. 43, at 25-26. Hernandez also testified that, on weekends, employees "watch cameras" and also "walk around" the store undercover "for . . . the shoplifters and stuff like that." ECF No. 43, at 24. Brown asserts that this evidence would enable a reasonable jury to find that "shoe boxes unattended on the floor of a busy store pose[] an unreasonable risk of harm," because "[i]t is more than reasonable for a customer to expect to be able to safely walk on the floor of a store, free of hazards, while browsing for merchandise," especially "since stores strategically display their goods to capture the gaze and attention of shoppers." P. Br. (ECF No. 43) at 9.

Viewing the evidence in the light most favorable to Brown and drawing all reasonable inferences in her favor, the court concludes that a reasonable jury could find that a reasonably

prudent person would have foreseen that leaving a shoe box unattended on the floor of a department store could lead to an individual's tripping and suffering injuries.

Accordingly, although a jury may well find in defendants' favor at trial, Brown's premises liability claim survives summary judgment.

\* \* \*

For the reasons explained, the court denies defendants' motion for summary judgment.

**SO ORDERED**.

July 24, 2024.

                                    SIDNEY A. FITZWATER
                                    SENIOR JUDGE